Dennis **BEACH**, Plaintiff,

v.

**CITY OF OLATHE, et al.,** Defendants.

No. CIV.A. 99–2210–GTV.

United States District Court,
D. Kansas.

May 31, 2000.

---

Stephen D. Bonney, Bonney Law Office, Kansas City, MO, Weston R. Moore, The Moore Law Office, Overland Park, KS, for Dennis Beach, plaintiff.

Daniel B. Denk, Ryan B. Denk, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for City of Olathe, Philip Major and Susan Sherman, defendants.

## *MEMORANDUM AND ORDER*

VanBEBBER, District Judge.

Plaintiff Dennis Beach filed this civil action against the following defendants: City of Olathe, as public employer; Philip Major, in his individual capacity and as Chief of Police of the City of Olathe; and Susan Sherman, in her individual capacity and as Acting City Manager of the City of Olathe. Plaintiff alleged, among other things, that Defendants retaliated against him in violation of 42 U.S.C. § 1983 for exercising his First Amendment rights to free speech and free association. Defendants Major and Sherman filed a motion for summary judgment (Doc. 19) with respect to Plaintiff's § 1983 freedom of speech claim against them in their individual capacities, contending that they are immune from liability under the doctrine of qualified immunity.[1] For the reasons set forth below, that motion is denied.

### *I. Summary Judgment Standard*

Summary judgment is appropriate if the evidence presented by the parties demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A "genuine" issue of fact exists if the evidence is such that a reasonable jury could resolve the issue either way. *See Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). An issue of fact is

---

1. Defendants' motion does not address Plain- tiff's § 1983 freedom of association claim.

"material" if it is essential to the proper disposition of the claim. *See id.* (citing *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505). The court must consider the record, and all reasonable inferences therefrom, in the light most favorable to the party opposing the motion. *See id.*

The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See id.* at 670–71 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). If the moving party will not bear the burden of persuasion at trial, that party "may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671 (citing *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts from which a reasonable jury could find in favor of the nonmoving party. *See id.*

## II. Factual Background

The following facts are taken from the summary judgment record and are either uncontroverted or viewed in the light most favorable to Plaintiff's case. Immaterial facts and facts not properly supported by the record are omitted.

Plaintiff has been employed by the City of Olathe as a police officer for more than twenty years. Beginning in approximately July 1997, Plaintiff began attending meetings of the Olathe City Council on a regular basis. Between July and December 1997, Plaintiff frequently spoke with the City Council and Defendant Sherman "concerning working conditions within the Police Department and the operation of the Police Department." During that same time period, Plaintiff prepared a summary of allegations being made by employees of the Police Department against Defendant Major and entitled it, "Allega-

tions of Unethical Conduct." Plaintiff also prepared a summary of officer complaints concerning the Police Department. Plaintiff provided Defendant Sherman with the summations, and assisted Defendant Sherman in scheduling and planning meetings with employees from the Police Department.

On February 20, 1998, Defendant Major advised Howard Kannady, who was then the Commander of the Internal Affairs Division, that various officers had expressed concerns about Plaintiff disrupting the working conditions at the Police Department. Specifically, Defendant Major told Mr. Kannady that Plaintiff allegedly was engaging in conversations involving "open and disrespectful criticism of other officers and various issues within the police department in their treatment of employees." Mr. Kannady looked into the matter by interviewing six officers.

In February 1998, Plaintiff met with Johnson County District Attorney Paul Morrison "and provided him with the information in [his] possession concerning allegations of theft by Defendant Major." Within days of the meeting, Defendant Major reviewed the transcripts of the six interviews conducted by Mr. Kannady and ordered the initiation of a formal Internal Affairs investigation against Plaintiff. Plaintiff was placed on administrative leave with pay pending the investigation.

Defendant Sherman, as Acting City Manager, reviewed transcripts of interviews that were taken during the Internal Affairs investigation and determined that Plaintiff had violated multiple sections of the Olathe Police Department Rules and Regulations. Defendant Sherman delivered a memorandum to Plaintiff on May 15, 1998, informing him of her determination and imposing discipline of suspension without pay for two pay periods, as well as probation for a term of one year.

Plaintiff contends that Defendants subjected him to the Internal Affairs investigation and subsequent discipline in unlaw-

ful retaliation for his exercise of protected speech and association. In addition, Plaintiff contends that, as a result of his engaging in protected speech and association, Defendants subjected him to other adverse employment actions including removing him from his position as a detective-sergeant, subjecting him to repeated interrogations, transferring him to more onerous work assignments, forcing him to undergo stigmatizing psychological counseling, denying him opportunities for career advancement, denying him pay increases, subjecting him to constant scrutiny and repeated unjustified disciplinary actions, and subjecting him to a hostile work environment.

### III. Discussion ·

Defendants Sherman and Major contend that, with respect to Plaintiff's § 1983 freedom of speech claim, they are immune from liability in their individual capacities because of the doctrine of qualified immunity. The court disagrees.

■ Qualified immunity shields an individual government official performing discretionary functions from liability for civil damages insofar as his or her conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); Butler v. City of Prairie Village, 172 F.3d 736, 745 (10th Cir.1999). To determine whether a government official is entitled to qualified immunity, the court must first assess whether the plaintiff has " 'asserted a violation of a constitutional right at all,' " see Moore v. City of Wynnewood, 57 F.3d 924, 931 (10th Cir.1995) (quoting Siegert v. Gilley, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)), and then evaluate whether those properly asserted rights were clearly established such that a reasonable person in the official's position would have known that his or her conduct violated that right, see id.; Merkel v. Leavenworth County Emergency Medical Services, No. 98–2335–JWL, 2000 WL 127266, at *10 (D.Kan. Jan.4, 2000).

Because this case involves alleged retaliation against Plaintiff for expression of speech, the court's analysis involves the following four steps: First, the court must determine whether Plaintiff's speech touched upon matters of public concern. See Connick v. Myers, 461 U.S. 138, 146, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). If so, the court must determine whether Plaintiff's interest in the speech outweighs Defendants' interest, as a public employer, in regulating the speech to maintain an effective and efficient workplace. See Pickering v. Board of Educ., 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). If the court determines that Plaintiff's interest in the speech outweighs Defendants' interest, then Plaintiff bears the burden to show that the speech was a substantial or motivating factor in the challenged action taken against him. See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 286–87, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); Dill v. City of Edmond, 155 F.3d 1193, 1201–02 (10th Cir.1998). Finally, if Plaintiff shows that the speech was a substantial or motivating factor, then Defendants may avoid liability by demonstrating that they would have taken the same action against Plaintiff regardless of his expression of the protected speech. See Mt. Healthy, 429 U.S. at 287, 97 S.Ct. 568; Dill, 155 F.3d at 1202. The first two steps are legal questions for the court to decide to determine whether the speech is constitutionally protected; the second two steps concern causation and are questions of fact. Dill, 155 F.3d at 1202 (citing Gardetto v. Mason, 100 F.3d 803, 811 (10th Cir.1996)).

Defendants make clear in their briefing to this court that only the first two steps are addressed in their motion for summary judgment. Therefore, the court limits its analysis to those two steps.

■ With respect to the first step, the court determines that Plaintiff engaged in

speech that touched upon matters of public concern. Speech relates to a matter of public concern if it can be "fairly considered as relating to any matter of political, social, or other concern." *Connick,* 461 U.S. at 146, 103 S.Ct. 1684. Moreover, speech "which discloses any evidence of corruption, impropriety, or other malfeasance on the part of city officials ... clearly concerns matters of public import." *Conaway v. Smith,* 853 F.2d 789, 796 (10th Cir.1988); *see Lee v. Nicholl,* 197 F.3d 1291, 1295 (10th Cir.1999) ("Speech that calls attention to a government's failure to discharge its governmental duties generally constitutes a matter of public concern.") (citation omitted).

Defendants concede in their briefing that Plaintiff engaged in speech that normally is considered as touching upon matters of public concern. Defendants state in their memorandum in support of summary judgment that:

> [Plaintiff] alleges that he exercised his First Amendment rights of freedom of speech ... by providing information to the City Council, the acting City Manager (Susan Sherman), the District Attorney, other city officials and members of the media concerning "police manpower shortages, failure of the Police Department to investigate hundreds of reported crimes, rumors of theft and corruption within the command staff of the Police Department, low morale among police officers, retaliation brought upon officers for speaking out about matters of public concern and other matters of direct concern to the citizens of Olathe, Kansas."

Defendants then state that "[P]laintiff did speak to several of these individuals concerning some of these subject matters."

■ Defendants argue, however, that Plaintiff's speech should not be protected as touching upon matters of public concern because substantial evidence shows that "[P]laintiff was pursuing his agenda against Defendant Major as a personal vendetta." It is true that speech which

solely is of personal interest to government employees is not protected by the First Amendment. *See Connick,* 461 U.S. at 147, 103 S.Ct. 1684. Moreover, Plaintiff's motive for his speech is a relevant inquiry to determine whether his speech concerned matters of public concern. *See Moore,* 57 F.3d at 932 (stating that court must evaluate whether plaintiff's purpose "was to bring an issue to the public's attention or to air a personal grievance") (citation omitted). A plaintiff's motivation is not the sole relevant factor, however, especially where the statements are made in relation to important community issues and "not as part of any particular employment practice or decision involving [Plaintiff]." *Moore,* 57 F.3d at 932. The court determines that even if Plaintiff's statements were motivated by a personal vendetta against Defendant Major, the statements concerned important community issues and did not pertain to matters solely of internal significance. Therefore, the court concludes that Plaintiff's speech touched upon matters of public concern.

■ Having concluded that Plaintiff engaged in speech that touched upon matters of public concern, the court now must determine whether Plaintiff's interest in the speech outweighs Defendants' interest in regulating the speech to maintain an effective and efficient working environment. *See Pickering,* 391 U.S. at 568, 88 S.Ct. 1731. "Pertinent considerations include 'the manner, time, and place of the employee's expression ... the context in which the dispute arose ... [and] whether the statement impairs discipline by superiors or harmony among co-workers, has a detrimental impact on close working relationships for which personal loyalty and confidence are necessary, or impedes the performance of the speaker's duties or interferes with the regular operation of the enterprise." *Patrick v. Miller,* 953 F.2d 1240, 1248 (10th Cir.1992) (quoting *Rankin v. McPherson,* 483 U.S. 378, 388, 107 S.Ct. 2891, 97 L.Ed.2d 315 (1987)).

 The court determines that the parties have presented insufficient evidence to facilitate a meaningful balancing of interests at this time. Neither party has offered the court any details concerning the content of Plaintiff's speech. With respect to the time, manner, and place of Plaintiff's speech, Defendants complain that "almost all of these conversations and communications by [P]laintiff [concerning the above-mentioned topics] were prepared and performed by [P]laintiff during on-duty time to the neglect of his duties." While the time, manner, and place of Plaintiff's speech is a relevant factor, the court is unable to properly evaluate the appropriateness of Plaintiff's alleged chosen forum without knowing the actual content of the speech. Moreover, Defendants' statement suggests that *almost* all of Plaintiff's speech was engaged in during on-duty time to the neglect of his duties. Even if the court accepted that Plaintiff in fact engaged in "almost all" of his speech while on duty to the neglect of his duties, and held that, as a result, Defendants' interest in regulating that speech outweighs Plaintiff's interest in its expression, the court could not grant summary judgment in favor of Defendants. Defendants have not suggested any reason why the remaining portion of Plaintiff's speech was rightfully subject to their regulation.[2]

The court ultimately concludes that Defendants are not entitled to summary judgment. Defendants have failed to show the absence of a genuine issue of fact as to whether Plaintiff engaged in protected speech; moreover, Defendants have failed to show the absence of a genuine issue of fact as to whether their conduct violated Plaintiff's clearly established First Amendment rights.

IT IS, THEREFORE, BY THE COURT ORDERED that Defendants' motion for summary judgment (Doc. 19) is denied.

**IT IS SO ORDERED.**

---

2. Defendants also complain that Plaintiff "engaged in continuous conversations with other co-workers concerning [the above matters] and other matters which were highly disruptive and inhibited both his own work and the work of others around him." The court does not determine, however, that these allegations are relevant to the court's balancing inquiry. Plaintiff's § 1983 claim alleges that Defendants retaliated against him for "communicating with representatives of city government, representatives of county government and the media." Plaintiff does not suggest that he was retaliated against for engaging in "conversations with other co-workers." It seems most evident to the court that it is the challenged speech that must disrupt the workplace in order for the court to determine that Defendants' interest in regulating the challenged speech outweighs Plaintiff's interest in its expression.